**SERTOMA BUILDING CORPORATION,**
**Plaintiff–Respondent,**

v.

**Paul O. JOHNSON, Geneva Ann**
**Johnson and Gary Fuller,**
**Defendants–Appellants.**

**No. 18430.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 19, 1993.

Stephen P. Seigel, Springfield, for defendants-appellants.

Theodore C. Salveter, III, Walker, Salveter, Lee & Graff, Springfield, for plaintiff-respondent.

PARRISH, Chief Judge.

Sertoma Building Corporation (plaintiff) brought an action against Paul O. Johnson, Geneva Ann Johnson and Gary Fuller, trustee, (collectively referred to as defendants) seeking an injunction prohibiting them from foreclosing on certain real estate in Greene County, Missouri. Defendants contended that the real estate was subject to a deed of trust that secured payment of a promissory note held by the Johnsons. Plaintiff also sought an order declaring the promissory note and deed of trust cancelled; a declaration that plaintiff was the owner of the real estate in question; and removal of Gary Fuller as trustee under the terms of the deed of trust. By a second count, plaintiff sought damages from defendants for slander of title to the real estate. The trial court granted summary judgment for plaintiff on Count I. The trial court found, in accordance with Rule 74.01(b), that there was no just reason for delay. This court affirms.

The ascertainment of facts upon which this appeal is determined is akin to review of a real estate abstract. A series of deeds and other real estate documents were attached to and made part of plaintiff's petition. Defendants admitted the validity of those documents.

The record on appeal includes copies of eighteen instruments that span a period of more than ten years. Plaintiff and defendants assert that these instruments affected the condition of the title to the real estate that is the subject of this appeal in varying ways. The particular instruments that are critical to this appeal will be identified in the parts of this opinion to which they apply.

Defendants present one point on appeal. It states:

The trial court erred in granting [plaintiff's] motion for summary judgement and in entering summary judgement against [defendants] for the reasons that there were genuine issues of law and fact to be adjudicated as to the validity and legal effect of the real estate conveyances referred to in [plaintiff's] petition

and motion for summary judgement filed herein. Therefore, pursuant to Rule 74.- 02 [1], Missouri Rules of Civil Procedure, the granting of summary judgement herein was not proper.

■ Plaintiff, in its respondent's brief, complains that defendants' point on appeal does not comply with Rule 84.04(d). Plaintiff argues that it fails to state why the trial court's granting of summary judgment was erroneous or what "genuine issues of law and fact" existed. Plaintiff is correct.

Rule 84.04(d) requires "points relied on" to state what action or ruling of the trial court is claimed to be erroneous, why it is erroneous, and what was before the trial court that would have supported taking the action that the party appealing contends should have been taken. *See Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978); and *Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990).

The ruling about which defendants complain is the trial court's granting of the motion for summary judgment. Defendants argue that this ruling was erroneous because pleadings and discovery documents on file disclosed genuine issues regarding material facts and application of law. However, the point on appeal does not identify what issues existed regarding material facts or how the law was misapplied. It does not state "wherein" the actions about which defendants complain are erroneous. Defendants' point on appeal does not comply with Rule 84.04(d). This court's review will be limited to "look[ing] to the argument portion of the brief ... for the purpose of determining whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice." *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.1988); Rule 84.13(c).

Plaintiff received a warranty deed to the real estate [2] dated June 25, 1990, from Sertoma Club of Springfield, Missouri, and Heart of the Ozarks Sertoma Club, Inc. Defendants undertook to foreclose on the real estate by reason of a deed of trust ("deed of trust # 2") dated July 13, 1982, by which New Concept Housing, Inc., conveyed the real estate to Wallace N. Springer, Jr., trustee for Southwest Village Water Co. to secure payment of a promissory note. Plaintiff obtained a restraining order stopping the foreclosure sale and, ultimately, secured the summary judgment from which defendants appeal.

Defendants' claim is dependent on the validity of the lien represented by deed of trust # 2. The following chronology produced that deed of trust:

December 10, 1980 Mid–America Business College, Inc., conveyed the real estate to A–1 Bail Bonding, Inc.

October 31, 1980 (Recorded 12/11/80) A–1 Bail Bonding, Inc., conveyed the real estate, by deed of trust ("deed of trust # 1"), to John K. Hulston, trustee for Wellman Educational Resources, Inc., to secure payment of a promissory note.

March 16, 1981 A–1 Bail Bonding, Inc., conveyed the real estate to Don E. Littlejohn and Joyce D. Littlejohn, husband and wife.[3]

May 4, 1982 A–1 Bail Bonding, Inc., conveyed the real estate to New Concept Housing, Inc.

1. This court assumes that this reference was intended to be to Rule 74.04.

2. The real estate that is the subject of this appeal includes all of Lots 9, 10 and 11 in the Watson Estate Subdivision of Lot 49 and part of Lot 50, Block 12, original town of Springfield, in Greene County, Missouri.

3. The warranty deeds by which Mid–America Business College, Inc., and A–1 Bail Bonding, Inc., conveyed the real estate each stated that the respective warranty deeds were "SUBJECT TO a note and Deed of Trust payable to Empire Bank of Springfield, Missouri" (Empire Bank). Empire Bank, by its full deed of release dated October 22, 1981, and recorded in the Greene County, Missouri Recorder's office that same date, as "owner and holder of the note evidencing the debt secured by Deed of Trust executed by Mid–America Business College, Inc., dated April 17, 1973" acknowledged payment of the debt and "release[d] the property from the lien and effect of the same."

July 13, 1982 New Concept Housing, Inc., conveyed the real estate, by deed of trust #2, to Wallace N. Springer, Jr., trustee for Southwest Village Water Co. to secure payment of a promissory note.

The genesis of A-1 Bail Bonding, Inc.'s involvement in defendants' claim is its May 4, 1982, warranty deed to New Concept Housing, Inc. After receiving the May 4 deed from A-1 Bail Bonding, Inc., New Concept Housing, Inc., executed deed of trust #2. It is that deed of trust and the promissory note purportedly secured by it that defendants Paul O. Johnson and Geneva Ann Johnson claim they now own. That promissory note and deed of trust were the bases for the attempted foreclosure that the trial court enjoined. The Johnsons rely on the following events and transactions for the claim they raise by this appeal:

September 28, 1984 Southwest Village Water Co. "assigned" the promissory note that was purportedly secured by deed of trust #2 and the deed of trust to Paul O. Johnson and Geneva Ann Johnson.

May 5, 1986 Paul O. Johnson and Geneva Ann Johnson "assigned" the promissory note purportedly secured by deed of trust #2 and the deed of trust to Home Loan Mortgage Corporation.

October 22, 1986 Federal Home Loan Mortgage Corporation "reassigned" the promissory note purportedly secured by deed of trust #2 and the deed of trust to Paul O. Johnson and Geneva Ann Johnson.

■ The flaw in defendants' claim is evident. On May 4, 1982, A-1 Bail Bonding, Inc., did not own the real estate that deed of trust #2 purported to encumber. A-1 Bail Bonding, Inc., had previously conveyed the real estate to Don E. Littlejohn and Joyce D. Littlejohn, husband and wife. A grantor cannot convey what has already been conveyed. *McComas v. Umlauf,* 641 S.W.2d 809, 813 (Mo.App.1982). A-1 Bail Bonding, Inc.'s subsequent deed to New Concept Housing, Inc., was ineffective to pass title. *Boxley v. Easter,* 319 S.W.2d 628, 634 (Mo.1959). New Concept Housing, Inc., took nothing by the warranty deed it received from A-1 Bail Bonding, Inc. Its attempt to encumber the real estate by executing deed of trust #2, therefore, failed. Deed of trust #2 did not establish a lien on the real estate. It created no right of foreclosure. Accordingly, Paul O. Johnson and Geneva Ann Johnson acquired no lien on the real estate by reason of the series of assignments of deed of trust #2 and the promissory note purportedly secured by it.

Undaunted that deed of trust #2 did not encumber the real estate in question, defendants Paul O. Johnson and Geneva Ann Johnson argue that their claim to the real estate was enhanced by a conveyance that occurred after deed of trust #2 was executed. New Concept Housing, Inc., by warranty deed dated April 2, 1985, filed of record with the Greene County Recorder of Deeds April 4, 1985, at Book 1871, Page 331, undertook to convey the real estate to Southwest Village Water Co., Inc. (from whom defendants Paul O. Johnson and Geneva Ann Johnson contend they derive title).

Prior to that conveyance, New Concept Housing, Inc., had executed a deed of trust (deed of trust #3) that conveyed the real estate to Wallace N. Springer, Jr., trustee, to secure a promissory note held by Orel Poindexter. Therefore, any interest in the real estate that Southwest Village Water Co., Inc., acquired from New Concept Housing, Inc., by reason of the April 2, 1985, warranty deed was subject to deed of trust #3. Deed of trust #3 was foreclosed on January 25, 1989, by trustee's sale to Arl W. Poindexter, who, together with his wife, Elva M. Poindexter, by warranty deed dated January 26, 1990, conveyed the real estate to Sertoma Club of Springfield, Missouri, and Heart of the Ozarks Sertoma Club, Inc.—plaintiff's grantor.

■ Defendants also cite *Sabine v. Leonard,* 322 S.W.2d 831, 836 (Mo. banc 1959), in support of a further contention that "the mortgage lien created by" deed of trust #2 was "revived" because New Concept Housing, Inc., acquired title to the real estate in 1984 by reason of a convey-

ance from Star Track Satellite, Inc. *Sabine* held that when real estate is subject to more than one deed of trust and the senior deed of trust is foreclosed, the junior deed of trust will not be cut out unless a stranger to the title purchases the real estate at the trustee's sale. *Sabine* further states:

> "[A]nd if a stranger buys at such sale, thereby extinguishing the junior liens, they will be revived should the property be reconveyed to the mortgagor." Indiana Law Journal, Vol. 11, p. 436.

*Id.*

Since deed of trust # 2 created no interest in the real estate, there was nothing to "revive." Deed of trust # 2 did not establish a junior lien. *Sabine* is not applicable.

This court finds no error, plain or otherwise. The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.