Michael **SISK** and Melinda **Sisk,**
Plaintiffs/Respondents,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
Defendant/Appellant.

No. 62747.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Robert J. Wulff, Amelung, Wulff & Willenbrock, St. Louis, for defendant/appellant.

Edward J. Hanlon, St. Louis, for plaintiffs/respondents.

GRIMM, Judge.

This declaratory judgment action involves an automobile insurance policy. The trial court found an exclusion, commonly referred to as the "non-owned vehicle" or "regular use" exclusion, invalid. It held the exclusion violated the statutorily-required minimum coverage of § 303.190.3.* We disagree and reverse.

* All statutory references are to RSMo 1986.

## I. Background

On July 13, 1991, wife was involved in an automobile accident with two other vehicles. At the time of the accident, she was driving her husband's 1990 Chevrolet Astro minivan because her 1986 Mercury Cougar had a dead battery.

Husband was the sole owner of the minivan. His insurance policy on the minivan was with insurer and was in his name alone. Husband reported the accident to his insurance agent. However, the agent advised there was no coverage because the premium due May 4, 1991, had not been paid. The minivan was therefore uninsured on the date of the accident.

Wife was the sole owner of her Cougar. Her insurance policy on the Cougar was with insurer and was in her name alone. Insurer denied coverage to wife on the basis of this policy exclusion:

This coverage does not apply to:

9. **Bodily injury** or **property damage** arising out of the use of any vehicle, other than **your insured car,** which is owned by or furnished or available for regular **use** by **you** or any resident of **your** household.

## II. Validity of Exclusion

Insurer alleges the trial court erred in holding the exclusion was "invalid to the extent of the statutorily-required minimum coverage of RSMo. § 303.190.3 (1986)." Insurer contends that neither the Motor Vehicle Financial Responsibility Law (MVFRL) nor *Halpin v. American Family Mut. Ins. Co.,* 823 S.W.2d 479 (Mo. banc 1992) support this holding.

The MVFRL is found in §§ 303.-010–370. Section 303.190.1 defines "motor vehicle liability policy" as "an owner's *or* an operator's policy of liability insurance." (emphasis added). Nothing in this section requires the policy to be both an owner's *and* an operator's policy.

An examination of § 390.190 supports this conclusion. Subsection 2 refers to *"owner's policy of liability insurance"* and subsection 3

refers to *"operator's* policy of liability insurance." (emphasis added). The remaining eight subsections refer generically to either a "motor vehicle liability policy" or "the policy."

The requirements for an owner's policy are set forth in § 303.190.2. The policy must specifically describe all vehicles covered by the policy. Further, the policy must insure against loss arising out of the use of the described vehicle. An owner's policy is the type of automobile insurance generally purchased by the public and is the type wife had on her Cougar.

The requirements for an operator's policy are set forth in § 303.190.3. Unlike an owner's policy, an operator's policy does not insure a particular vehicle. Rather, it protects the person "against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him." *Id.* This type of policy is seldom purchased by the general public.

Here, the trial court found, in effect, that MVFRL policies must comply with both the requirements of §§ 303.190.2 and 303.190.3. It relied on *Halpin.* The language on which the trial court apparently relied says:

> [Appellants] contend that public policy requires that a contract of liability insurance provide the coverage indicated in *§ 303.190* so that the insured will be in compliance with *§ 303.025.* We agree. *Section 303.190* specifies the minimum coverage that will comply with *§ 303.025,* as being insurance against "loss from the liability imposed by law...."

*Halpin,* 823 S.W.2d at 481.

Apparently, the trial court took the supreme court's agreement with the contention that the policy "provide the coverage indicated in *§ 303.190* " to mean that a policy must provide all of the coverage described in § 303.190. Thus, the trial court concluded, a policy must include the minimum coverage of both §§ 303.190.2(2) and 303.190.3. Because the policy exclusion violated § 303.190.3, the trial court found it was invalid.

However, as we stated earlier, § 303.190.1 provides that either an owner's or an operator's policy satisfies the requirements of the MVFRL. Thus, when *Halpin* said "coverage indicated in *§ 303.190,*" it meant the coverage provided by either an owner's or an operator's policy.

Our conclusion is supported by *Schuster v. Shelter Mut. Ins. Co.,* 857 S.W.2d 381 (Mo. App.S.D.1993). Our conclusion is also supported by Professor Couch. He states:

> Where the financial responsibility act makes a distinction between owners' policies and operators' policies, that distinction must be preserved, for the fact that the provision is made that *either* will satisfy the requirements of the statute is a clear expression of the legislative intent that each is to retain its particular characteristics.

12A GEORGE J. COUCH, COUCH ON INSURANCE § 45:750 (2d ed. 1981) (footnotes omitted) (emphasis added).

The trial court's only reason for finding Exclusion 9 invalid was its purported conflict with § 303.190.3. On appeal, wife does not articulate any other basis. Because wife's policy complied with § 303.190.2, it was not required to comply with § 303.190.3.

■ Parties to an "insurance contract may agree to such terms and provisions as they see fit to adopt, subject only to the requirements that the contract is lawful and reasonable." *American Family Mut. Ins. Co. v. Ward,* 789 S.W.2d 791, 795 (Mo. banc 1990); *see also Halpin,* 823 S.W.2d at 483. Here, the only claim that the exclusion is unlawful is because it violates § 303.190.3. That claim is denied.

■ Wife makes an alternative argument. She contends that the exclusion does not exclude coverage under these facts. She reasons that (1) exclusion 9 applies only to the use of some vehicle "other than your insured car," (2) your insured car is defined as including any car "not owned by you being used as a substitute for" any covered vehicle, (3) wife did not own the minivan she was using as a substitute for her covered Cougar, and (4) therefore she was operating an insured car.

Wife's argument breaks down when the second step is examined. In the clause "not

owned by you," you is in bold type, indicating it has a defined meaning in the policy. The defined meaning for you is "the policyholder named in the declarations and spouse, if living in the same household." Thus, "not owned by you," as applied to the facts here, means not owned by wife or her husband. Wife and husband were living in the same household, thus wife's argument fails.

Insurer's other points on appeal are now moot. The trial court's judgment is reversed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.