**AMERICAN FAMILY STANDARD INSURANCE COMPANY OF WISCONSIN, Plaintiff–Respondent,**

v.

**Candice Ann HAMIL, Defendant–Appellant.**

No. 18531.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 7, 1993.

W. Morris Taylor, William K. Meehan, W. Morris Taylor, P.C., Clayton, for defendant-appellant.

Steven P. Kuenzel, James W. McGettigan, Jr., Eckelkamp, Eckelkamp, Wood and Kuenzel, Washington, for plaintiff-respondent.

PARRISH, Chief Judge.

Candice Ann Hamil (defendant) appeals from a judgment that declared American Family Standard Insurance Co. of Wisconsin (American Family) was not liable for injuries she sustained in an automobile accident. This court affirms.

Defendant and Mahmoud Gaber (Gaber) lived together at the time of the accident. They shared an apartment in Rolla, Missouri. They shared rent and utilities for the apartment. They had lived together for nearly a year. Each owned an automobile. At the time of the accident, Gaber was driving defendant's automobile. She was a passenger and was injured. Defendant sought recovery from Gaber.

Gaber had a policy of automobile insurance issued by American Family. The policy included the following language with respect to its liability coverage:

EXCLUSIONS
This coverage does not apply to:

. . . . .

9. **Bodily injury** or **property damage** arising out of the **use** of any vehicle, other than **your insured car,** which is owned by or furnished or available for regular **use** by **you** or any resident of **your** household.

Gaber and defendant each had a set of keys for the other's vehicle for "emergency purposes." Gaber could remember driving defendant's automobile two times before the accident. Defendant had never driven Gaber's automobile.

The judgment from which defendant appeals declared:

That American Family Standard Insurance Company owes no duty to or has any liability to any party[1] herein resulting from [the automobile] accident [that involved Candice Hamil and Mahmoud Gaber].

Defendant's "point relied on" states:

THE TRIAL COURT'S JUDGMENT DECLARING THAT RESPONDENT DOES NOT HAVE AN OBLIGATION TO APPELLANT UNDER ITS POLICY OF INSURANCE IS ERRONEOUS WHERE THE PROVISIONS OF SAID POLICY VIOLATE SECTION 303.190(3) R.S.Mo. (1988), AS AMENDED AND THEREFORE ARE VOID ON THEIR FACE.

■ The point relied on accuses the trial court of error in declaring that American Family's insurance policy did not provide coverage for defendant's injuries. Arguably, the claim that the provisions of the insurance policy "violate section 303.190(3) R.S.Mo. (1988)" states why defendant considers the ruling to be erroneous. However, there is no indication of what "provisions of said policy" defendant considers to be violative of the statute. As such, the point does not comply with the requirement of Rule 84.04(d) that a point relied on shall explain wherein the trial court's determination was erroneous.[2] Thus,

1. American Family's petition named Candice Hamil and Gaber as defendants. The petition alleged that Gaber and his attorney "informed [American Family] that they are looking to

[American Family] for a defense and coverage...." Gaber is not a party to this appeal.

2. As explained in *Sertoma Bldg. Corp. v. Johnson,* 857 S.W.2d 858, 859 (Mo.App.1993):

this court's review will be limited to "look[ing] to the argument portion of the brief ... for the purpose of determining whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice." *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo. App.1988); Rule 84.13(c).

■ In the argument part of defendant's brief, she contends that the trial court's determination is contrary "to the provisions of Section 303.190(3) R.S.Mo. (1988)." Apparently defendant intended to refer to § 303.-190.3 [3] in that defendant's brief quotes as "[t]his section of the Missouri Financial Responsibility Law ... in pertinent part:"

> Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the said territorial limits and subject to the same limits of liability as are set forth above with respect to any owner's policy of liability insurance.

This is the language that appears at § 303.-190.3.

Defendant asserts that § 303.190.3 requires all automobile liability policies to provide coverage for liability imposed on an insured by reason of his operation of any motor vehicle regardless of whether the vehicle is owned by him. That assertion is not supported by the language of the statute.

As this court recently explained in *Schuster v. Shelter Mut. Ins. Co.*, 857 S.W.2d 381 (Mo.App.1993), one of the acceptable ways of maintaining financial responsibility "is through the purchase of a 'motor vehicle liability policy which conforms to the requirements of the laws of this state.'" *Id.* at 385, quoting § 303.025. *Schuster* further explained that a "motor vehicle liability policy" includes "an owner's or an operator's policy of liability insurance." *Id.* *See* § 303.190.1. Section 303.190.2 prescribes requirements for

an owner's policy. Section 303.190.3 prescribes requirements for an operator's policy. Gaber had an owner's policy. The applicable statute, § 303.190.2, did not require the policy to provide liability coverage for damages arising out of Gaber's use of any motor vehicle that he did not own. Defendant's point is denied. The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

Rule 84.04(d) requires "points relied on" to state what action or ruling of the trial court is claimed to be erroneous, why it is erroneous, and what was before the trial court that would have supported taking the action that the party appealing contends should have been taken.

3. References to statutes are to RSMo 1986.