**CHANCELLOR DEVELOPMENT COMPANY, d/b/a Chancellor Farms, Plaintiff,**

v.

**Louis A. BRAND, III and Debra Brand, Defendants/Third–Party Plaintiffs/Appellants,**

v.

**JACOB MOBILE HOMES, INC., Third–Party Defendant/Respondent.**

No. 66198.

Missouri Court of Appeals, Eastern District, Division Three.

March 21, 1995.

Rehearing Denied April 20, 1995.

William L. Hetlage, Jones, Korum & Jones, Clayton, for appellant.

Robbye Hill Toft, St. Louis, for respondent.

CRANE, Presiding Judge.

Third–Party Plaintiffs, Louis and Debra Brand (hereinafter plaintiffs) brought this action against Third–Party Defendant, Jacob Mobile Homes, Inc. (Jacob) in two counts seeking damages for breach of contract and negligence in the sale and delivery of a mobile home. The trial court granted Jacob's motion for summary judgment on both counts. Plaintiffs appeal, asserting that genuine issues of material fact precluded summary judgment. We affirm.

In count one of their third-party petition, plaintiffs alleged that they had entered into a contract with Jacob to purchase a mobile home, that the mobile home was delivered in a nonconforming and damaged condition, and that plaintiffs notified Jacob of the nonconformity, rejected delivery, and tendered the home back to Jacob. As damages for this breach of contract, they sought return of their downpayment, sales tax, and interest payments as well as reimbursement for installation and other expenses in the total amount of $13,000. In count two plaintiffs reincorporated the allegations relating to their contract with Jacob and further alleged that Jacob or its agents negligently delivered the mobile home before the slab and driveway were prepared, resulting in damage to the mobile home.

Jacob denied the allegations and moved for summary judgment. As one of its grounds it stated that it had repaired the damage to the home and that plaintiffs had accepted those repairs and their acceptance constituted full accord and satisfaction. In support of its motion, Jacob filed affidavits and exhibits.

Plaintiffs filed a memorandum in opposition supported by affidavits of the two plaintiffs and the subsequent purchaser of their mobile home. They asserted that summary judgment was improper because substantial fact questions remained. The trial court granted the motion.

For their sole point relied on plaintiffs assert:

WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THIRD PARTY DEFENDANT JACOB MOBILE HOMES, WHERE THE AFFIDAVITS AND DEPOSITIONS ON FILE SHOWED GENUINE ISSUES OF MATERIAL AND FUNDAMENTAL FACTS, INCLUDING THE DAMAGE TO THE MOBILE HOME, THE REPAIR OF THE MOBILE HOME, AND DEMAND FOR REPAIR OF THE MOBILE HOME; AND THE EVIDENCE, EXAMINED IN A LIGHT MOST FAVORABLE TO THIRD PARTY DEFENDANT BRANDS, SUPPORTED JUDGMENT IN FAVOR OF THE BRANDS AS A MATTER OF LAW.

The contentions advanced in this point are too general to raise an issue on appeal. Rule 84.04(d); *Sertoma Bldg. Corp. v. Johnson*, 857 S.W.2d 858, 858–59 (Mo.App. 1993). These statements do not set forth with sufficient specificity "wherein and why" the trial court erred. In particular they fail to present: the disputed facts; why the disputed facts are material; and the legal theory upon which the trial court should have relied in granting judgment in their favor as a matter of law. *See id.* Further, phrasing a point in terms of "whether" an action is error is not proper form. *Schnucks Carrollton Corp. v. Bridgeton Health and Fitness, Inc.*, 884 S.W.2d 733, 741 n. 1 (Mo.App.1994). In addition, all of plaintiffs' contentions on appeal with respect to both the contract count and the negligence count are made in the argument under this one point. Where an appellant contends that an order which disposes of multiple counts based on different causes of action is erroneous, a separate point of error with respect to each count is advisable. *Gould v. Missouri State Bd. of Registration for the Healing Arts*, 841 S.W.2d 288, 290 n. 3 (Mo.App.1992). Moreover, separate issues should be stated in separate points. *In re Marriage of Cohen*, 884 S.W.2d 35, 37 n. 1 (Mo.App.1994). We will nevertheless gratuitously address the arguments in the brief which are arguably encompassed by this point.

Summary judgment shall be entered where the moving party has demonstrated, through the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c).[1] The propriety of summary judgment is purely an issue of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When considering an appeal from an order granting summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* The review of a grant of summary judgment is equivalent to reviewing a court-tried proceeding; if the judgment is sustainable under any theory, it must be sustained. *City of Kirkwood v. City of Sunset Hills*, 589 S.W.2d 31, 34 (Mo.App.1979).

A summary judgment movant who is a "defending party" need not controvert each element of a non-movant's claim to establish a right to summary judgment. Rather a "defending party" may establish that right by showing (1) facts that negate *any one* of the claimant's element facts; (2) that non-movant does not have sufficient evidence to support a finding of the existence of *any one* of the claimant's elements; or (3) no genuine dispute exists as to *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. *ITT Commercial Fin.*, 854 S.W.2d at 381. "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper." *Id.*

### A.

Plaintiffs contend that in count one they stated a claim for relief for breach of contract based on a delivery of nonconform-

ing goods. In response to Jacob's claim that plaintiffs accepted the mobile home after it was repaired, plaintiffs assert they accepted the mobile home under the reasonable assumption that the defects would be cured and that they revoked their acceptance under § 400.2–608 when the defects were not seasonably cured.

Section 400.2–608 RSMo 1994 provides for rejection after acceptance, as follows:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

However, § 400.2–606(1)(c) RSMo 1994 provides that *any act* by a buyer inconsistent with seller's ownership will constitute acceptance of goods. Accordingly, if, after proper rejection, a buyer uses goods in a manner inconsistent with the seller's ownership, that use nullifies the recission and constitutes an acceptance of the goods. *Stephens Indus., Inc. v. American Express Co.*, 471 S.W.2d 501, 505 (Mo.App.1971); *see also, Hays Merchandise, Inc. v. Dewey*, 78 Wash.2d 343, 474 P.2d 270, 273 (1970). Once a buyer accepts a tender, the seller acquires a right to its price on the contract terms.

---

**1.** The version of Rule 74.04 in effect prior to January 1, 1994 governs this case.

§ 400.2–607(1) and cmt. 1 RSMo 1994.[2] A buyer's actions which are inconsistent with seller's ownership are "many and varied" and include "making payments, taking possession of the goods, use of the goods, repairing, working on them, attempts to resell them, and dealing with them in other varied ways." J. WHITE & R. SUMMERS, UNIFORM COMMERCIAL CODE § 8–2, at 398 (3d ed. 1988). Thus a buyer's acts of pricing, displaying, advertising, and selling goods after giving notice of revocation were inconsistent with seller's ownership and constituted acceptance. *Hays,* 474 P.2d at 273.

A buyer's revocation of acceptance under the Uniform Commercial Code (UCC) is necessarily the buyer's recognition that the property as to which acceptance is revoked belongs to the seller. *Delhomme Indus., Inc. v. Houston Beechcraft, Inc.,* 735 F.2d 177, 181 (5th Cir.1984). A buyer's act of dominion over goods, including sale of the goods, is inconsistent with a buyer's claim of revocation of acceptance. *Id.* at 181 (citing *Hays,* 474 P.2d at 273).

In *Delhomme,* a buyer, prior to inspection, executed a contract for the purchase of an aircraft from the seller. Several days after delivery the buyer noticed problems with the aircraft and notified the seller. The seller attempted to make repairs to eliminate the reported problems. The buyer notified the seller of remaining problems. The seller, in attempting to repair one of the engines, discovered that the engine was heat-damaged. It took the position that the damage was caused by the buyer's improper use and refused to do further repair without payment from the buyer for the engine repair. The buyer offered to resell the aircraft to the seller "as is" for less than the purchase price. The seller accepted. Later the buyer filed an action to recover the damages. The trial court awarded damages for breach of express warranty, but not damages for a full refund of the purchase price. The buyer appealed, asserting that it had effectively revoked its acceptance under UCC § 2–608 when it returned and resold the aircraft to the seller and was entitled to a full refund of the purchase price.

The Fifth Circuit in *Delhomme* concluded that the record indicated that the buyer's actions in resale of the aircraft did not evince a clear intent to revoke acceptance. 735 F.2d at 182. The court held the transfer had all the indicia of a bona fide sale which is inconsistent with an intent to revoke acceptance. *Id.* at 182–83. The written offer provided that the buyer "will sell" at a certain sum and did not indicate that buyer was returning a nonconforming aircraft for a partial refund of the purchase price. The bill of sale listed the buyer as the seller of the aircraft and the seller as the purchaser. The court held that the trial court's rejection of buyer's revocation of acceptance theory was not error. *Id.* at 183.

In support of its motion for summary judgment, Jacob filed the affidavit of Jacob's treasurer, Randy Clark. Clark recited that plaintiffs had purchased a mobile home from Jacob pursuant to a Delivery Agreement and Contract on November 27, 1990 and that the home was delivered to Chancellor Farms Mobile Home Park on December 4, 1990. He asserted that on February 27, 1991 plaintiff Louis Brand asked him if Jacob would resell his home. Clark further averred: "Defendant's Exhibit 10 is the original Contract signed by Louis Brand and me reflecting the agreement of Jacob Mobile Homes, Inc. to resell the home." He also attached the contract dated February 27, 1991 to his affidavit. This agreement was written on a preprinted purchase agreement form. However, except for the mobile home description, Brand's name[3] and address and the signatures of Clark and Louis Brand, the preprinted form provisions were not filled in or marked. Instead, the agreement contained the following handwritten provision:

---

2. Jacob's ground for summary judgment, that plaintiffs accepted the mobile home after repairs, gives it a right to the contract price under this section. We do not reach Jacob's legal conclusion and argument that acceptance constitutes an "accord and satisfaction."

3. The printed word "Buyer" next to Brand's name was scratched out.

Jacob MH agrees to move home into our sales lot & attempt to sell it. Seller, Lou Brand, agrees to pay for the move & to make payments on home until sold. Jacob MH will collect sales commission from buyer of home.

Jacob also filed the affidavit of a repairman it had hired who stated that on January 4, 1991 he had made the repairs the Brands had requested.

In their affidavits in opposition to the motion, plaintiffs described the damages and attested that they had notified Jacob of the damage and gave it an opportunity to repair and Jacob failed to do so. They averred that on February 27, 1991 plaintiff Louis Brand told Clark that they wanted to return the home and told Jacob the deficiencies with the home. However, neither plaintiff denied the existence or the contents of the February 27 agreement or that Louis Brand had signed it. In fact, they did not mention this agreement in their affidavits. Plaintiffs acknowledged that the trailer was subsequently moved to Jacob's premises at plaintiffs' expense.

We view the record in the light most favorable to plaintiffs and therefore assume that 1) there was damage to the home, 2) plaintiffs notified Jacob of the damage, 3) Jacob did not repair all of the damage and 4) plaintiffs asked to return the trailer. However, Jacob is still entitled to summary judgment on the grounds of acceptance because "any" act inconsistent with revocation of acceptance is enough to constitute acceptance under § 400.2–606(1)(c). It was undisputed that plaintiff Louis Brand signed an agreement in which Jacob agreed to move the home onto its lot and to attempt to sell it and in which plaintiff agreed to pay to move the home onto Jacob's lot and agreed to make payments on the home until it was sold. In so doing plaintiff Brand acted as an owner desiring to sell property with the help of a broker. Louis Brand's action is consistent with ownership and inconsistent with plaintiffs' claim that plaintiffs revoked acceptance. Under § 400.2–606(1)(c) this act, which is inconsistent with seller's ownership, constitutes acceptance.

In their brief plaintiffs argue that the February 27 agreement is vague and unenforceable because it was written on a standard sales contract form and that the written terms on the form could not have been intended as part of the written contract. They also assert that there were no terms relating to the sale price or the allocation of that price and in their reply brief contend the agreement is further unenforceable because it was not signed by the co-owner, Debra Brand. We do not need to resolve whether Jacob or plaintiffs could have enforced the agreement as written or whether there may be defenses to enforcement of the agreement. Plaintiff Louis Brand's act of signing a written document which identified him as "seller" and in which he agreed to pay for the move to Jacob's lot, to continue to make payments on the mobile home until sold, and to let Jacob collect a commission from the buyer, was an act which was inconsistent with revocation and consistent with acceptance. Whether the agreement would ultimately be enforceable is immaterial.

■■■■ In this case there was no dispute as to the underlying facts that plaintiff Louis Brand signed the February 27 document and the handwritten statements contained in that document. Where the underlying facts are undisputed, a question of fact exists when fair-minded people, exercising reasonable judgment, could reach different conclusions on the issue in controversy. *Courtney v. Ocean Accident & Guar. Corp.*, 346 Mo. 703, 142 S.W.2d 858, 860 (1940). Where such evidence is subject to conflicting interpretations, summary judgment is improper. *Rogers v. Illinois Cent. R.R. Co.*, 833 S.W.2d 426, 427 (Mo.App.1992). However, where reasonable minds could not differ, summary judgment is properly granted. Here the signing of the February 27 document is clearly an act consistent with acceptance and inconsistent with revocation. Revocation of acceptance was an element of plaintiffs' claim. To be entitled to summary judgment, Jacob was only required to show no genuine dispute of fact regarding *any one* element of plaintiffs' claim. *ITT*, 854 S.W.2d at 381. The trial court did not err in entering summary judg-

ment for Jacob on the contract count.[4]

### B.

In their brief plaintiffs do not make a separately identified argument relating to the trial court's entry of summary judgment for Jacob on the negligence count. Plaintiffs' third-party petition sought recovery from Jacob for damages to the mobile home resulting from the negligent delivery by "Jacob or its agents." In the argument section of their brief, plaintiffs argue Jacob is responsible for the actions of the persons who delivered the home because: 1) Jacob was contractually bound to deliver the home; 2) the risk of loss is on seller until receipt of goods by buyer; 3) Jacob breached various terms of the delivery contract; and 4) Jacob is liable in respondeat superior.

None of these arguments are encompassed in plaintiffs' point relied on. Issues not raised in the point relied on are not preserved for appellate review. *Landoll by Landoll v. Dovell,* 779 S.W.2d 621, 627 (Mo. App.1989). Further, these arguments do not support the existence of a cause of action against Jacob for negligence. If Jacob was contractually bound to deliver the mobile home in a particular condition and failed to do so, plaintiff's claim is for breach of contract and not for negligence. *State ex rel. Cummins Missouri Diesel Sales Corp. v. Eversole,* 332 S.W.2d 53, 58 (Mo.App.1960). That the persons Jacob hired to make the delivery are alleged to have done so negligently does not change the situation. *Id.* That allegation goes only to the manner of making the breach. *Id.* Plaintiffs' brief

does not provide a basis for us to find that the trial court erred in granting summary judgment on the negligence count.

The trial court's judgment is affirmed.

CRANDALL and DOWD, JJ., concur.

---

4. According to their brief plaintiffs elected to proceed under a revocation of acceptance theory. Plaintiffs do not argue they were seeking relief under § 400.2–714 relating to breach for accepted goods. A buyer may not seek both remedies. *Davis Indus. Sales, Inc. v. Workman Const. Co., Inc.,* 856 S.W.2d 355, 362 n. 6 (Mo.App.1993). *Davis* quotes the following passage from WHITE AND SUMMERS:

> At the outset one should understand the significance of a self-help remedy which permits the buyer to return the goods to the seller, (that is, rejection or revocation of acceptance). In such cases the buyer is freed from his obligation to pay the price, and he has a right to recover that part of the price he has already paid.... One should understand the econom-

ic difference between the status of the buyer who has rejected and the status of the buyer who has accepted and sued for breach of warranty. The typical buyer who accepts and sues for breach of warranty under 2–714 will recover only for injury proximately resulting from defects in the goods at the time of sale.... On the other hand, if buyer rejects the goods, he is first recompensed for the losses resulting from the seller's failure to perform his end of the contract (for example, by a suit under 2–713 or 2–712); more important, he escapes the bargain, and he throws any loss resulting from depreciation of the goods back upon the seller.

J. WHITE AND R. SUMMERS, UNIFORM COMMERCIAL CODE § 8–1, at 389 (3d ed. 1988) (footnotes omitted).