**SHELTER MUTUAL INSURANCE COMPANY, Plaintiff/Respondent,**

v.

**Kevin Chadwick RIDENHOUR, William F. Rhodes, Diana M. Rhodes & Tammy S. Rhodes, a minor, Defendants/Appellants.**

No. 70017.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 7, 1997.

John D. Beger, Rolla, for defendants/appellants.

Hendren and Andrae, Duane E. Schreimann, Christopher P. Rackers, Jefferson City, for plaintiff/respondent.

PUDLOWSKI, Judge.

Appellants appeal the ruling of the trial court granting summary judgment to the respondent. Appellants claim that the insurance policy (Shelter policy) provided by the respondent is in violation of the Motor Vehicle Financial Responsibility Law (MVFRL) as well as the public policy of Missouri. Appellants assert that the Shelter policy is both an owner's and an operator's policy, and that it violates the requirements of an operator's policy as laid out in the statute. We find that the policy complies with the owner's policy requirements and the MVFRL only requires policies to comply with one or the other, but not both. Accordingly, because the Shelter policy was valid as an owner's

policy, it could exclude coverage for liability arising from the unauthorized use of a non-owned vehicle, and thereby not meet the requirements of an operator's policy, but still meet the minimum requirements of the MVFRL and not violate public policy. Summary judgment was, therefore, properly granted as respondent is entitled to judgment as a matter of law and there are no genuine issues of material fact.

On July 30, 1993, Shelter Mutual Insurance Company (respondent) issued a policy of liability insurance to Kevin Ridenhour. The Shelter policy was in full force and effect on September 12, 1993. On that date, Ridenhour was operating a 1987 Ford Escort owned by Stacey L. Scheer when he was involved in a one-vehicle accident. Ridenhour did not have Scheer's permission to drive her car at the time of the accident. Appellant Tammy Rhodes was a passenger in the car at the time of the accident. As a result of the accident, William Frank Rhodes, Diana M. Rhodes, and Tammy Rhodes, by and through her next friends (appellants), filed a petition for damages against Ridenhour. Respondent then filed a Petition for Declaratory Judgment seeking the trial court's judgment that the Shelter policy does not provide coverage for the accident. Thereafter, respondent filed its motion for summary judgment and suggestions supporting the motion. The trial court entered judgment for respondent and the appellants now appeal.

Summary judgment is appropriate when there is no genuine issue as to the material facts and the facts as admitted show a legal right to judgment for the movant. *ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 381 (Mo. banc 1993). In the instant case, as all parties concede, there are no issues as to the material facts. We must, therefore, only determine whether the trial court erroneously applied the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

■ The central issue to determine in this case is whether or not the Shelter policy, as it is written, violates the MVFRL and the public policy of Missouri. More specifically, we must decide whether or not the policy, which meets the requirements of an owner's policy, is also an operator's policy and, therefore, in violation of the MVFRL requirements for an operator's policy. Additionally, we must consider whether or not the exclusion of coverage for liability arising out of the unauthorized use of nonowned vehicles violates public policy.

The Shelter policy, in its plain and unambiguous terms, does not provide liability coverage for the accident at issue. There is no dispute as to this fact. Appellants argue that the public policy of Missouri and the MVFRL require a policy, written as the Shelter policy, to comply with both the requirements of an owner's policy and an operator's policy. We disagree. The MVFRL requires owners to maintain financial responsibility. § 303.025, RSMo.1994.[1] One method to comply with this requirement is to obtain a "motor vehicle liability policy." § 303.025. A "motor vehicle liability policy" may be either an "owner's policy or an operator's policy" of liability insurance. § 303.190.1. In order to comply with the MVFRL one must have a policy which is either an owner's policy or an operator's policy. Nothing in Chapter 303 requires a policy to be both an owner's and an operator's policy. *Sisk v. American Family Mut. Ins. Co.,* 860 S.W.2d 34, 35 (Mo.App.1993).

■ The requirements of the two policies differ. An owner's policy of liability insurance requires minimum coverage for liability arising out of the use by the named insured of those motor vehicles which the policy designates "by explicit description or by appropriate reference." § 303.190.2. The Shelter policy meets the requirements of an owner's policy. It designates by explicit description or appropriate reference all motor vehicles for which coverage is granted. Part I of the Shelter policy provides for coverage for dam-

---

1. All statutory references hereafter will be made to Revised Statutes of Missouri, 1994 unless otherwise stated.

ages "caused by accident resulting from the ownership, maintenance, or use of the described auto or a non-owned auto." The policy designates the described auto as a "1978 CHEVY K–10 4WD TRUCK." The policy defines a "non-owned auto" to be "any auto other than (a) the described auto or (b) an auto owned in whole or in part by, or furnished or available for regular use of, either you or any resident of your household." In terms of a non-owned auto, the Shelter policy defines "insured" as the person named in the declaration page and that person's "relatives, provided the actual use or operation of the non-owned vehicle is with the permission, or reasonably believed to be with the permission of the owner or person in lawful possession, and within the scope of such permission." As a result, the Shelter policy meets the requirements of an owner's policy by designating "by explicit description or by appropriate reference" the motor vehicles of the named insured covered by the policy. § 303.190.2.

Appellants argue that the Shelter policy is also an operator's policy but, as it is written, violates the MVFRL requirements for such a policy. The requirements of an operator's policy are:

> Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the said territorial limits and subject to the same limits of liability as are set forth above with respect to any owner's policy of liability insurance.

§ 303.190.3.

■ Appellants contend that the language of the Shelter policy providing for "non-owned" vehicle coverage of any kind makes it an operator's policy. An operator's policy requires liability coverage for liability resulting from the operation of "any motor vehicle not owned by him." *Id.* There are two exclusions in the Shelter policy which indicate that the policy is not, nor was it intended to be, an operator's policy of liability insurance as defined by the MVFRL. The exclusions are part of a "drive other cars" clause which allows the insured to be covered during the occasional use of non-owned cars. *See Earl v. State Farm Mut. Auto. Ins. Co.,* 820 S.W.2d 623, 624 (Mo.App.1991). First, the policy expressly excludes coverage for non-owned autos "owned in whole or in part by, or furnished or available for regular use of, either you or any resident of your household." This exclusion has been upheld by this Court. *Sisk,* 860 S.W.2d at 35. The second exclusion provides coverage for a non-owned auto only when "the actual use or operation is with the permission, or reasonably believed to be with the permission of the owner or person in lawful possession, and within the scope of such permission." These exclusions are common in an owner's policy and are not consistent with the requirements of an operator's policy. We find, therefore, that the Shelter policy meets the requirements for an owner's policy and is not an operator's policy.

Appellants assert that the second exclusion violates the public policy of the MVFRL by excluding coverage for liability arising from the unauthorized use of a non-owned vehicle. We find no merit to this argument because the Shelter policy meets the minimum requirements of an owner's policy as set out in the MVFRL, is not an operator's policy and, therefore, satisfies the intent of the legislature.

Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.