**SHELTER MUTUAL INSURANCE CO., Plaintiff–Respondent,**

v.

**Mark HARTER, Defendant–Appellant,**

**Joe and Kathy Showalter, Defendants.**

No. 21137.

Missouri Court of Appeals,
Southern District,
Division One.

March 27, 1997.

Alison R. Bunch, Hershewe & Gulick, P.C., Joplin, for defendant–appellant.

Michael D. Talley, Thomas & Talley, Joplin, Michael J. Patton, Turner, Reid, Duncan, Loomer & Patton. P.C., Springfield, for plaintiff–respondent.

PREWITT, Judge.

Appellant suffered severe injuries, including amputation of his right leg, in a motorcycle accident. At the time, the motorcycle was being operated by Joe Showalter, who did not own the vehicle. Both Showalter and Appellant claimed that a policy issued by Shelter Mutual Insurance Company (Respondent), Showalter's insurance carrier, provides coverage for Appellant's claim. Respondent

---

**4.** Because of our determination, Swinson's second point is rendered moot and is not considered.

denied the claims and eventually filed a petition asking for declaratory judgment that it was not liable under Showalter's policy. After considering motions from all parties, the trial court issued summary judgment in favor of Respondent with respect to Count I of its petition, which requested relief against Appellant.

The court found that "the insurance policy in question is an owner's policy and not an operator's policy" and "by the plain language of the policy at issue, an accident occurring during the operation of a two-wheeled vehicle is a non-covered event." It also declared that "although this Judgment does not dispose of Count II, this Judgment is final for purposes of appeal" and determined there was no just reason for delay in accordance with Rule 74.01(b).

For his sole point relied on, Appellant offers the following:

> The trial court erred in granting [Respondent's] motion for summary judgment, and denying [Appellant's] motion for summary judgment, because the automobile liability insurance policy issued by [Respondent] provided coverage against [Appellant] Harter's claims in that the language of the Shelter policy defining "auto," attempting to limit the coverage to four wheel motor vehicles, is contrary to the public policy of the state of Missouri as expressed in the Motor Vehicle Financial Responsibility Law ["MVFRL"], RSMo. §§ 303.010–.270, which requires coverage for the motorcycle the insured was operating.

Summary judgment is appropriate when the moving party has demonstrated on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Boshers v. Humane Society of Missouri, Inc.* 929 S.W.2d 250, 253 (Mo.App. 1996) (citing *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371 (Mo. banc 1993)). Here, there is apparently no dispute as to the material facts. Review is thus limited to whether Respondent was, as a matter of law, entitled to judgment in its favor.

Appellant concedes that if the policy at issue is simply an owner's policy under the MVFRL, coverage is inapplicable here, inasmuch as Showalter was operating a motorcycle that he did not own at the time of the crash. But, he argues that even if the policy could technically be an owner's policy, he is entitled to operator's policy coverage as required by the MVFRL because the policy also appears to be an operator's policy.

The MVFRL's provisions regarding operator's policies require coverage of "any motor vehicle not owned by [the insured]" apparently including motorcycles. Section 303.190(3), RSMo 1994. Appellant concludes that Respondent's attempt to limit coverage to four-wheel motor vehicles should thus be declared void as against public policy.

The policy in question covers accidents resulting from the use of a "described auto" or "non-owned auto," with "auto" being defined as "a self-propelled, land motor vehicle with at least four wheels." Appellant claims Showalter reasonably expected coverage of motorcycles despite this language because "average lay people, reasonable people, understand that motor vehicle and an auto or automobile are synonymous, and include two-wheel vehicle." He then asserts that because Showalter reasonably believed "auto" to mean "motor vehicle," the policy was, in effect, an operator's policy as described in the MVFRL.

However, as noted above, an operator's policy "shall insure the person … against loss … arising out of the use … of any motor vehicle not owned by him." Section 303.190(3), RSMo 1994. Showalter's policy covers accidents arising out of the use of a "described auto" listed as a 1991 Mazda 2WD Short Bed and a "non-owned auto" defined as "any auto other than the described auto or an auto owned in whole or in part by, or furnished or available for regular use of, either you or any resident of your household." The policy does not use the words "any motor vehicle," and explicitly does not intend "any auto" to mean "any motor vehicle" as that term is defined under the statute.[1]

---

1. Contrary to Appellant's claim that "[n]o defini-

tion except Shelter's mentions the phrase 'four

An owner's policy under the MVFRL, on the other hand, requires coverage for liability arising out of the use by the named insured of those motor vehicles which the policy designates "by explicit description or by appropriate reference." Section 303.190.2(2) RSMo 1994. Respondent's policy fits this description. *See Shelter Mutual Insurance Company v. Ridenhour,* 936 S.W.2d 857, 858–59 (E.D. 1997).

Under the undisputed facts, Showalter could not reasonably expect the policy to be an operator's policy. This Court agrees with the trial court's assessment that "the insurance policy in question is an owner's policy and not an operator's policy" and concludes it was not error to grant summary judgment in favor of Respondent. *See Ridenhour,* supra,

at 859. (finding that a substantially similar Shelter policy meets the minimum requirements of an owner's policy as set out in the MVFRL, is not an operator's policy and therefore satisfies the intent of the legislature).

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.

---

wheel,'" Random House Dictionary of the English Language Second Edition Unabridged, 140 (1987), defines "automobile" as "a passenger vehicle designed for operation on ordinary roads and typically having four wheels ..." and Webster's Third New International Dictionary Unabridged, 148 (1966) as "a usu[ally] 4-wheeled automotive vehicle...."