Jennifer ELDRIDGE, Appellant,

v.

COLUMBIA MUTUAL INSURANCE COMPANY, Respondent.

No. WD 69444.

Missouri Court of Appeals,
Western District.

Nov. 12, 2008.

Harry R. Gaw, Jr., Tipton, MO, for appellant.

Susan F. Robertson, Wade H. Ford, Jr., Co–Counsel, Columbia, MO, for respondent.

Before DIV II: SMART, P.J., HARDWICK and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

Jennifer Eldridge appeals from a summary judgment ruling that denied coverage under an automobile insurance policy issued by Columbia Mutual Insurance Company. Eldridge contends the circuit court erred in granting summary judgment because the insurance policy was ambiguous in failing to define the term "driver." As explained herein, we find no ambiguity and affirm the summary judgment.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). We take as true the facts set forth by affidavit or otherwise in support of a party's motion unless contradicted by the other party's response to the summary judgment motion. *Id.* We give the non-prevailing party the benefit of all

reasonable inferences from the record. *Id.*

The underlying facts in this case are not in dispute. On February 2, 2004, Jennifer Eldridge's son, Gage Savage, was a passenger in a 1990 Ford Tempo owned by Gage Savage's father, Joshua Savage, and driven by Victoria Savage, Gage Savage's step-mother. The Ford Tempo was traveling north on Missouri State Route B, south of Boonville, when it collided with a vehicle driven by Robert Bail. As a result of the collision, Gage Savage died.

The Ford Tempo was covered under an insurance policy issued to Joshua Savage by American Standard Insurance. Eldridge sought the policy limits from American Standard, but the coverage afforded by that policy is not at issue in this case.

Eldridge also sought the policy limits from Columbia Mutual Insurance Company. The Columbia Mutual policy insured a 2000 Chevrolet Malibu that was not involved in the accident. The Columbia Mutual policy showed John Earnest as the named insured and his daughter, Victoria Earnest (whose married name is now Savage) as a driver of the Chevrolet Malibu. Columbia Mutual refused Eldridge's demand for payment on grounds that Victoria Savage was not an insured under the policy because she was not driving the Chevrolet Malibu at the time of the accident.

Eldridge filed a wrongful death action against Victoria Savage and acquired a judgment against Victoria Savage in the amount of $450,000. Eldridge and Victoria Savage thereupon entered into an agreement with a restricted partial release, reservation of claim, and covenant not to execute. Victoria Savage agreed to entry of a consent judgment in the amount of $450,000 in favor of Eldridge, and Eldridge agreed that she would not execute against the real or personal property of Victoria Savage and that she would seek to satisfy the judgment from the American Standard policy, the Columbia Mutual policy, and any claims or causes of action that she may have against other persons or entities. Joshua Savage also agreed that Eldridge was entitled to 100% of the proceeds from the American Standard and Columbia Mutual policies. Based on those agreements, the circuit court ordered American Standard to pay its policy limits of $25,000 to Eldridge for the wrongful death of Gage Savage.

On February 14, 2006, Eldridge filed her petition for declaratory judgment against Columbia Mutual alleging that Victoria Savage was an insured under the policy insuring the 2000 Chevrolet Malibu and that Columbia Mutual had failed to defend its insured in the wrongful death action and had refused to settle for the policy limits. Eldridge and Columbia Mutual filed cross-motions for summary judgment seeking determination of whether or not coverage was afforded to Victoria Savage under the Columbia Mutual policy. The circuit court denied Eldridge's motion for summary judgment and granted Columbia Mutual's motion for summary judgment. The court found that Columbia Mutual's policy was not ambiguous, that Victoria Savage was not a named insured under the policy and, at the time of the accident, she was driving a vehicle that was not covered by the policy.

◼ On appeal, Eldridge contends that the circuit court erred in denying her motion for summary judgment and in granting Columbia Mutual's motion for summary judgment. "Generally, an order denying a motion for summary judgment is not a final judgment and therefore is not reviewable on appeal." *Fischer v. City of Washington,* 55 S.W.3d 372, 381 (Mo.App.2001). If, how-

ever, the merits of the denied motion for summary judgment "are intertwined with the propriety of an appealable order granting summary judgment to another party," the denial of a motion for summary judgment may be reviewed on appeal. *Id.* Such is the case here.

We review the circuit court's granting of a summary judgment *de novo.* *ITT Commercial,* 854 S.W.2d at 376. "The propriety of summary judgment is purely an issue of law." *Id.* Because the circuit court's judgment is based on the record submitted and the law, we need not defer to the circuit court's order granting summary judgment. *Id.* We will affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 380; Rule 74.04(c)(6).

■■■ The interpretation of an insurance policy is also a question of law entitled to *de novo* review. *Seeck v. Geico Gen. Ins. Co.,* 212 S.W.3d 129, 132 (Mo. banc 2007). We interpret the policy according to the plain and ordinary meaning of its language. *Mo. Employers Mut. Ins. Co. v. Nichols,* 149 S.W.3d 617, 625 (Mo. App.2004). We do not determine the plain meaning of the words and phrases in isolation; rather, we do so with reference to the context of the policy as a whole. *Miller v. O'Brien,* 168 S.W.3d 109, 114 (Mo. App.2005). Unless the policy language is ambiguous, appellate courts must enforce the contract as written, giving the words and phrases their ordinary meaning. *Id.*

■■■ "An ambiguity arises where there is a duplicity, indistinctness, or uncertainty in the meaning of the words used in an insurance contract." *Am. Family Mut. Ins. Co. v. Peck,* 169 S.W.3d 563, 567 (Mo.App.2005)(quoting *Nichols,* 149 S.W.3d at 625). If a term is defined in the policy, courts must "look to that definition

and nowhere else." *Heringer v. Am. Family Mut. Ins. Co.,* 140 S.W.3d 100, 103 (Mo.App.2004). However, the absence of a definition for a key term does not necessarily render the policy ambiguous. *Peck,* 169 S.W.3d at 567. Courts should be careful not to create ambiguities where none exist. *Id.*

■■■ The threshold issue before us is whether an ambiguity existed in the policy issued by Columbia Mutual. Eldridge contends the circuit court erred in granting summary judgment because the term "driver" was undefined in the policy, thereby creating an ambiguity that would lead a reasonable person to assume a "driver" is an insured under the policy.

On the declarations page of the Columbia Mutual policy, the "Named Insured" is identified as "John M. Earnest." In a separate section of the same page is the heading "Driver(s) Summary," under which John Earnest is listed as "Driver 001" and Victoria Earnest is listed as "Driver 002." Under the heading "Vehicle(s) Summary," the declarations page listed "Driver 002" as the driver of the 2000 Chevrolet Malibu.

Amended Part A of the Liability Coverage for the policy states: "We will pay damages for 'bodily injury' or 'property damage' for which any *'insured'* becomes legally responsible because of an auto accident." (Emphasis added). The Liability Coverage defines "insured" in relevant part as:

1. You for the ownership, maintenance or use of any auto or "trailer".

2. Any "family member":

   a. Who does not own an auto, for the maintenance or use of any auto or "trailer".

   b. Who owns an auto, but only for the use of "your covered auto"

3. Any person using "your covered auto"...

4. ....

5. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part.

The definition section further defines "you" or "your" as "[t]he 'named insured' shown in the Declarations" and "[t]he spouse if a resident of the same household." The policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household."

Victoria Savage was not a resident of John Earnest's household at the time of the accident. Additionally, she is not listed as a "Named Insured" on the Declarations page of the policy. She is listed in the policy only as a "Driver." More specifically, she is listed as a driver for the 2000 Chevrolet Malibu, which is a covered vehicle under the policy but was not involved in the subject accident. Based on the plain language of the insurance agreement, Victoria Savage was a covered driver with regard to the 2000 Chevrolet Malibu, but she was not an insured for any other purposes under the policy.

We disagree with Eldridge's argument that the term "driver" is unclear because it was not defined in the policy. The mere lack of definition does not create an ambiguity. *Peck,* 169 S.W.3d at 567. Nothing in the policy suggests that its use of the term has any meaning beyond the plain and ordinary meaning of "driver." *Merriam Webster's Collegiate Dictionary,* 353 (10th ed.2000) defines "driver" as "one that drives: as a: COACHMAN b: the operator of a motor vehicle[.]" These definitions are consistent with the everyday use of the word with respect to automobiles and do not create confusion or uncertainty. Further, the double listing of John Earnest in the policy, once as the "named insured" and again in another section of the policy set off with horizontal lines and headed by the bolded words "**DRIVER(S) SUMMARY**," prevents an understanding that "driver" could have the same meaning as "named insured" under the policy.

Although Missouri has not directly addressed this issue, other jurisdictions have recognized that the designation of "driver" on the declarations page of an insurance policy is not without effect. In *Kitmirides v. Middlesex Mutual Assurance Co.,* 65 Conn.App. 729, 783 A.2d 1079, 1084 (2001), under similar circumstances to those before us, the court held that the policy's definition of an insured is unambiguous when one party is listed as a named insured on the declarations page and another is listed as a driver, a term undefined by the policy. The court concluded that the driver designation serves as dispositive evidence of permission to use a covered vehicle. *Id.* at 1083 n. 7.

Indiana and Kentucky have also rejected the notion that an ambiguity arises when an automobile insurance policy fails to define the term "driver." *Millspaugh v. Ross,* 645 N.E.2d 14 (Ind.Ct.App.1994); *True v. Raines,* 99 S.W.3d 439, 444 (Ky. 2003). The Indiana court found that while the designation of driver was significant for some purposes, including the amount of the premium due under the policy, it did not create a right to coverage under all provisions of the policy. *Millspaugh,* 645 N.E.2d at 16–17. Likewise, North Carolina has held that the term "named insured" unambiguously excludes persons listed only as drivers in policies similar to the one at issue here. *Nationwide Mut. Ins. Co. v. Williams,* 123 N.C.App. 103, 472 S.E.2d 220, 222 (1996). This view is in

keeping with *Couch on Insurance,* which explains that "one listed on the policy, but only in the status of a driver of a vehicle, is not a named insured despite the fact that such person's name was physically on the policy." 7A Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* 3d § 110:1 (2005).

The circuit court properly granted summary judgment in favor of Columbia Mutual because the insurance policy at issue is not ambiguous. The policy plainly states that Victoria Savage is entitled to insurance coverage as a driver of the 2000 Chevrolet Malibu. Because Victoria Savage was not driving the Chevrolet Malibu at the time of the accident and did not otherwise qualify as an insured under definitions in the policy, no insurance claim could be stated on her behalf against Columbia Mutual. The point on appeal is denied.

We affirm the circuit court's judgment.

ALL CONCUR.