Michael O'ROURKE, Appellant,

v.

ESURANCE INSURANCE CO. and, Geico General Insurance Co., Respondents.

No. ED 94330.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 17, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 2010.

Application for Transfer Denied Dec. 21, 2010.

David C. Knieriem, Law Offices of David C. Knieriem, Clayton, MO, for Appellant.

Russel F. Watters, Patrick A. Bousquet, Matthew P. Diehr, Brown & James, P.C., St. Louis, MO, for Resp. Esurance Insurance Co.

Kevin B. Behrndt, James C. Morris, Danna McKitrick, P.C., St. Louis, MO, for Resp. Geico General Insurance Co.

KENNETH M. ROMINES, J.

### Introduction

Michael O'Rourke (Appellant) appeals the Circuit Court of the City of St. Louis, Judge Edward Sweeney presiding, regarding its decision to grant summary judgment in favor of Respondents. We Affirm.

## Factual and Procedural Background

On 28 July 2007 Appellant was driving with his wife. Appellant lost control of his 2006 Jeep Wrangler and rolled down an embankment. Appellant's wife sustained injuries and asserted a claim against Appellant in an amount in excess of $100,000. Previously, Esurance issued a policy to Appellant and Wife, in effect at the time of the accident, which insured the vehicle Appellant was driving as well as a 2004 Chevrolet Silverado.

The Esurance Policy included the following provision:

We do not provide Liability Coverage for any "insured" for "bodily injury" to you or any "family member" to the extent that the limits of liability for this coverage exceed the limits of liability required by the Missouri Financial Responsibility Law.

The Missouri Motor Vehicle Financial Responsibility Law (MVFRL) requires liability coverage for bodily injury in the amount of $25,000. MO. ST. § 303.190 *et seq.*

The Esurance policy includes limits of liability coverage as follows:

The limit of liability shown in the Declarations for each person for Bodily Injury liability is our maximum limit of liability for all damages, including damages for care, loss or services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit for liability for all damages for "bodily injury" resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declaration; or
4. Vehicles involved in the accident.

Respondent GEICO issued a policy of insurance to Appellant's son who resided in Appellant's home and was related to Appellant by blood. The GEICO policy provides that the only covered vehicle on that policy is a 2006 Chevrolet. The 2006 Jeep Wrangler driven by Appellant at the time of the accident was not owned by the GEICO insured. The GEICO insured was not operating nor occupying the 2006 Jeep Wrangler at the time of the accident.

Appellant filed a claim against Esurance and Geico alleging that the Esurance policy provided coverage beyond $25,000 and that Appellant was covered by his son's Geico policy. Esurance and Geico filed motions for summary judgment stating that Appellant's claims were outside of the respective policies. The trial court found that the policy's language were unambiguous and granted the motions for summary judgment.

## Discussion

The standard of review on appeal from the granting of a motion for summary judgment is essentially *de novo.* *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). When reviewing a trial court's grant of summary judgment, this court views the record in the light most favorable to the party against whom judgment was entered. *Id.* Summary judgment will be upheld on appeal only if this court finds that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Topps v. City of Country Club Hills,* 236 S.W.3d 660 (Mo.App. E.D.2007).

## I

■ Appellant raises three points on appeal. First, Appellant argues that the trial court erred in granting Esurance's motion for summary judgment because Missouri public policy and the MVFRL dictate that Esurance must provide $25,000 in compensation for each automobile covered by a policy purchased by insured if insured is involved in a motor vehicle accident. The MVFRL requires every owner's and operator's policy issued in Missouri to provide minimum liability coverage. *Karscig v. McConville,* 303 S.W.3d 499 (Mo.2010). Missouri law does not restrict coverage to a single policy if a driver is insured under multiple policies. *American Standard Insurance Company v. Hargrave,* 34 S.W.3d 88, 91–92 (Mo. banc 2001).

Here, O'Rourke Sr. was covered by one policy which insured two automobiles, the automobile involved in the accident and a separate automobile owned by Appellant but not involved in the accident. The Missouri Supreme Court in *Karscig* held that when there are two policies covering a single automobile, both an ownership policy and an operator's policy, anti-stacking provisions contained in the policies are void and both must pay the statutory minimum required by the MVFRL. 303 S.W.3d 499, 501 (Mo.2010). Appellant tries to extend that logic to this case, in which one policy covered two automobiles. However, this fact pattern is clearly distinguishable from *Karscig.* Where in *Karscig* two policies covered one automobile, here one policy covers two automobiles, only one of which was involved in the accident. The MVFRL requires $25,000 of liability coverage for each motor vehicle covered under the policy. Mo.Rev.Stat. § 303.190(2). However, it only requires $25,000 for *each* insured vehicle involved in an accident, not $25,000 multiplied by the number of vehicles insured under one policy as argued by Appellant.

The Esurance policy unambiguously prevented stacking the coverage provided for the two insured vehicles. This Court held that in a similar situation, where the policy contained an anti-stacking provision and multiple vehicles were covered, the MVFRL was not violated. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Maune,* 277 S.W.3d 754 (Mo.App. E.D. 2009). In *Maune,* an accident occurred involving an owner whose policy covered three motor vehicles. *Id.* at 760. This court found that since the policy still covered $25,000 of liability for the vehicle involved in that accident it did not violate the MVFRL. *Id.* This decision was not overturned by *Karscig* as Appellant asserts, as it is clearly distinguishable. Point Denied.

## II

■ Appellant's second point on appeal is that the "family exclusion" clause in the policy creates an ambiguity, thus it does not apply and the policies full amount, $50,000, should be awarded to Appellant and not the $25,000 minimum requirement under the MVFRL. An insurance policy is ambiguous where there is duplicity, uncertainty, or indistinctness in the meaning of words used in the contract. *Krombach v. The Mayflower Insurance Co.,* 827 S.W.2d 208, 210 (Mo. banc 1992). A court may not create an ambiguity where none exists, and the fact that the parties disagree over the policy's interpretation does not render the term ambiguous. *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 830 (Mo.App. E.D. 1998). Where ambiguous provisions are found, however, they are construed against the insurer. *Behr v. Blue Cross Hosp. Serv. Inc.,* 715 S.W.2d 251, 255 (Mo. banc 1986).

The contract between the parties contained an amendment, the Missouri Amendment, which stated that the limits of liability are reduced to the minimum limits required by the state financial responsibility law except for "liability incurred by you or by such 'family member ...'". Appellant argues that this, along with the "Unlisted Operator Endorsement", creates an ambiguity. However neither here, nor at trial did Appellant show why the Unlisted Operator Endorsement applies in this case. The "Unlisted Operator Endorsement" defines unlisted operators as those other than (1) Appellant, (2) a "family member" of Appellant, (3) a person listed on the Declaration page as a driver, and (4) an "agent or employee of Plaintiff or his family member." Appellant, the driver during the accident, was the owner of both the vehicle and the policy, thus even if ambiguity does exist in the Unlisted Operator Endorsement it is not relevant to the facts of this case. Point Denied.

## III

■ Appellant's third point on appeal is that his son's GEICO policy should act as excess coverage because he is covered on that policy as a member of his son's household. The GEICO policy covers "relatives" "with regard to an owned auto." The only automobile covered under son's policy is a 2006 Chevrolet which was not involved in the accident. However, Appellant argues that the policy should be construed to apply to any of son's relatives who are driving any automobile owned by a member of his family.

■ To determine if an insurance contract is ambiguous, the Court considers what a reasonable prudent insured would understand the language to mean. *Williams v. Silvola*, 234 S.W.3d 396, 400 n. 5 (Mo.App. W.D.2007). The Appellant's interpretation of the insurance contract is unreasonable. No reasonable insurance purchaser would conclude that the language in the contract provides coverage for anyone related to son for any accident in any vehicle. The policy is not ambiguous and does not provide coverage to Appellant for this accident. Point Denied.

The trial court's grant of Respondent's motion for summary judgment is affirmed.

ROY L. RICHTER, C.J., and JAMES R. HARTENBACH, SP., J. concur.