## ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent,

v.

## Kenneth DAVIS III, a Minor Child, By and Through His Guardian, Dixie Mae DAVIS, Appellant.

No. WD 75439.

Missouri Court of Appeals, Western District.

July 23, 2013.

Mark D. Chuning, Kansas City, for Respondent.

Thad R. Mulholland, Columbia, for Appellant.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Kenneth Davis III appeals from a judgment entered by the Circuit Court of Boone County granting summary judgment in favor of Respondent Allstate Property & Casualty Insurance Company ("Allstate") in a declaratory judgment action filed by Allstate. Allstate's petition for declaratory judgment requested that the circuit court determine whether a policy issued by Allstate provided coverage beyond the $50,000 already paid under the policy for Appellant's injuries arising out

of a September 4, 2009 accident with Javan Simpson ("Simpson"). For the following reasons, the judgment is affirmed.

The facts of this case are not in dispute. On September 4, 2009, Appellant sustained bodily injuries after being struck by Simpson, who was driving a 1997 Nissan Hardbody Pickup owned by his parents Robert and Jeanie Simpson ("Simpson's Parents"). At the time of the accident, twenty-one-year-old Simpson resided in his parents' household and had their permission to use and operate the 1997 pickup.

The 1997 pickup was insured under a policy ("the Policy") Allstate issued to Simpson's Parents. The Policy's declarations page listed Simpson's Parents as the named insureds and identified Simpson under the title "DRIVER(S) LISTED." The Policy covered three vehicles, including the 1997 pickup. Simpson's Parents owned all three vehicles covered by the Policy.

The Policy provided $50,000 in bodily injury liability insurance coverage per person in any one accident and $100,000 in bodily injury liability insurance coverage per occurrence in any one accident. It also included an anti-stacking provision that limited Allstate's liability to the bodily injury liability limits for any single accident regardless of the number of vehicles or persons covered under the Policy.

On November 29, 2010, Appellant and Allstate entered into a settlement agreement. Under the agreement, Allstate agreed to provide $50,000 in coverage under the Policy on the basis that Simpson resided with his parents and was permis-

sively using the 1997 pickup at the time of the accident.[1] As part of the settlement, Allstate also agreed to file a petition for declaratory judgment seeking a judicial determination as to whether the Missouri Motor Vehicle Financial Responsibility Law ("MVFRL") required Allstate to provide additional coverage under the Policy.

On March 24, 2010, Allstate filed its petition for declaratory judgment. Following the petition, Allstate and Appellant filed cross-motions for summary judgment seeking a determination as to whether Allstate must provide additional coverage for Simpson as a non-owner operator under the Policy in order to comply with the MVFRL.

On June 27, 2012, the circuit court entered its judgment denying Appellant's motion for summary judgment and granting Allstate's motion for summary judgment. The circuit court found that the Policy did "not provide coverage for any bodily injuries sustained by [Appellant] ... beyond the $50,000 per person policy limits previously paid under [the P]olicy." Thus, the circuit court concluded that Allstate had satisfied its obligations under the Policy by entering into the settlement agreement with Appellant for $50,000. Appellant timely filed this appeal from the circuit court's grant of summary judgment.

In his sole point on appeal, Appellant asserts that the circuit court erred in granting Allstate's motion for summary judgment because the MVFRL and the Missouri Supreme Court's decision in *Kar-*

1. The Policy provided that it "protects an insured person from liability for damages arising out of the ownership, maintenance or use, loading or unloading of an insured auto." (Emphasis omitted). The Policy defines "insured person" to mean "[w]hile using your insured auto: (a) you, (b) any resident, (c) and any other person using it with your permission." (Emphasis omitted). The Policy

defines "resident" as "a person that physically resides in your household with the intention to continue residence there." Thus, because Simpson was residing with his parents at the time of the accident, he was a "resident" under the Policy. Accordingly, the Policy protected him from liability arising out of his use of the 1997 pickup, which was an insured auto under the Policy.

*scig v. McConville,* 303 S.W.3d 499 (Mo. banc 2010), mandate that Allstate pay an additional $50,000 of stacked coverage under the theory that the Policy insured Simpson separately as a non-owner operator. "Our review of the trial court's grant of summary judgment is *de novo.*" *Durbin v. Deitrick,* 323 S.W.3d 122, 125 (Mo. App. W.D.2010). "When reviewing a trial court's grant of summary judgment, this court views the record in the light most favorable to the party against whom judgment was entered." *O'Rourke v. Esurance Ins. Co.,* 325 S.W.3d 395, 397 (Mo. App. E.D.2010). "Summary judgment will be upheld on appeal only if this court finds that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Id.*

At issue in this case is whether Allstate is obligated under the MVFRL to provide additional liability coverage to Simpson under the Policy. The MVFRL "establishes a mandate for maintenance of financial responsibility by owners of motor vehicles and, absent owner's coverage, requires operators to maintain financial responsibility when operating a vehicle owned by another." *Am. Standard Ins. Co. of Wis. v. May,* 972 S.W.2d 595, 599 (Mo.App. W.D. 1998) (citing § 303.025) (internal quotation omitted). Under § 303.190, two types of liability insurance policies satisfy the MVFRL's requirement for proof of financial responsibility, an "owner's policy" and an "operator's policy." *Wilson v. Traders Ins. Co.,* 98 S.W.3d 608, 616 (Mo.App. S.D. 2003). The MVFRL requires each owner's and operator's policy to provide the following minimum amount of liability coverage: "twenty-five thousand dollars because of bodily injury to or death of one

person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident." § 303.190.2(2); *see also* § 303.190.3.

Appellant asserts that the MVFRL, when read in conjunction with *Karscig,* places two distinct obligations on Allstate to provide bodily injury liability coverage as a result of the September 4, 2009 accident. First, Appellant contends the Policy constituted an "owner's policy" with respect to Simpson's Parents; thus, Allstate was obligated to pay the $50,000 per person policy limit for bodily injury [2] because Simpson was a resident of his parents' household permissively using a vehicle insured under the Policy. As Appellant concedes, this obligation was satisfied by the settlement agreement between him and Allstate.

As to the second obligation, Appellant avers that because Simpson was listed as a "driver" on the Policy's declarations page, Allstate intended to insure Simpson separately as a non-owner operator under the Policy. Thus, Appellant contends that the Policy constitutes an "operator's policy" with respect to Simpson that, in turn, requires Allstate provide the minimum liability coverage for an operator's policy under the MVFRL. Appellant derives his contention that we must treat the Policy as an operator's policy with respect to Simpson from the Missouri Supreme Court's opinion in *Karscig.* As discussed *infra,* however, the Court in *Karscig* addresses whether the MVFRL required an insurance company to provide coverage when a negli-

**2.** Although the MVFRL requires each owner's policy to provide only $25,000 in liability coverage for bodily injury per person in any one accident, see § 303.190.2, the Policy provided coverage above the statutory $25,000 minimum by providing $50,000 coverage limits per person for bodily injury.

gent driver was insured by *multiple policies*, one of which was determined to be an operator's policy. Such is not the case here.

In *Karscig*, an appellant filed suit against the insurance company seeking $25,000 in liability coverage from an automobile insurance policy issued to a negligent motorist who was permissively driving her parents' vehicle when she struck the appellant's motorcycle. 303 S.W.3d at 500. The insurance company did not contest coverage under the negligent motorist's parents' policy, which was an owner's policy that provided for $25,000 in liability coverage and covered the vehicle the negligent motorist was driving when the accident occurred. *Id.* at 501. The insurance company, however, refused to provide coverage under the negligent motorist's policy. *Id.* The negligent motorist's policy listed the negligent motorist as the policyholder and covered a vehicle that the negligent motorist did not own and that the negligent motorist's was not driving when the accident occurred. *Id.* The insurance company contested coverage under the negligent motorist's policy on the basis that an exclusion clause and an anti-stacking provision in the negligent motorist's policy excluded coverage because the required statutory minimum in liability coverage had already been provided under the negligent motorist's parent's owner's policy. *Id.* at 501–02. The trial court granted summary judgment in favor of the insurance company. *Id.* at 502.

On appeal, the Missouri Supreme Court determined that the MVFRL required the insurance company to provide the minimum liability coverage under the negligent motorist's policy. *Id.* at 505. In reaching its conclusion, the Court explained that "[a]ccording to the MVFRL, a motor vehicle liability policy shall be either 'an owner's or an operator's policy of liability insurance.' " *Id.* at 503 (quoting § 303.190.1). Upon noting that the MVFRL does not define the terms "owner's policy" and "operator's policy," the Court opined that an "owner's policy" is "a policy issued to an owner" and "must comply with the statutory mandates of § 303.190.2" while an "operator's policy" is "a policy issued to a non-owner" and "must comply with the statutory mandates of § 303.190.3."[3] *Id.* The Court then determined that because the negligent motorist's policy insured a vehicle that she did not own, it was a policy issued to a non-owner and, therefore, constituted an operator's policy. *Id.*

The Court then looked to § 303.190.3, which "mandates the coverage to be provided by each operator's policy." *Id.* at 504. In particular, the Court noted that the MVFRL requires each operator's policy to insure the policyholder against liability arising out of the policyholder's use of "any motor vehicle not owned by him or her" and "to provide the minimum liability limits specified, $25,000 for bodily injury to or death of one person in any one accident." *Id.* at 504, 505 (internal quotation and emphasis omitted). The Court further explained that nothing in the MVFRL "restrict[s] the minimum liability payments to a single insurance policy if coverage is provided under multiple policies." *Id.* at

**3.** The Court derived these definitions from other definitions found within the MVFRL. More specifically, the Court explained that the MVFRL defines an owner as " 'a person who holds the legal title to a motor vehicle' " and defines an operator as " 'a person who is in actual physical control of a motor vehicle.' " *Karscig*, 303 S.W.3d at 503 (quoting § 303.020(8)-(9)). The Court further notes that these definitions were "consistent with the general understanding of liability insurance law" that "an 'owner's policy' insures a person who owns a vehicle, while an 'operator's policy' insures a person who operates a vehicle owned by another." *Id.*

504. Therefore, the Court concluded that, in order to comply with the MVFRL, the insurance company was required to provide the minimum liability coverage of $25,000 under the negligent motorist's operator's policy for the appellant's bodily injuries arising from the negligent motorist's use of the vehicle she did not own despite the fact that minimum liability coverage had already been provided under her parents' owner's policy, which insured the vehicle involved in the accident. *Id.* at 505.

At first glance, the facts of this case are similar to those in *Karscig*—an insurance company contesting the amount of liability coverage required under the MVFRL for an accident involving a negligent motorist driving a vehicle owned and insured by his or her parents. Nevertheless, the key distinction is that the Court in *Karscig* analyzed whether the MVFRL required an insurance company to provide minimum liability coverage under an additional policy that was separate and apart from the parents' owner's policy and proved to be an operator's policy. The Court in *Karscig* concluded that because every operator's policy must provide the minimum liability coverage under the MVFRL, the insurance company was obligated to pay the minimum liability coverage under the separate operator's policy despite the fact that the minimum coverage had already

been provided under the owner's policy issued to the negligent motorist's parents. *Id.* at 505. Conversely, in the case presently at bar, there is no separate operator's policy at issue that would require Allstate to provide the minimum liability coverage under the MVFRL. Rather, this case involves a single policy issued to Simpson's Parents under which Allstate has already provided the minimum liability coverage for Appellant's bodily injuries. Thus, the Court's holding in *Karscig* places no obligation upon Allstate to provide additional liability coverage to Simpson.[4]

Appellant further contends that Allstate's additional obligation to insure Simpson as an operator stems from the fact that Simpson was listed as a driver on the declarations page of the Policy. Appellant avers that "[t]here can be no other way to construe [Simpson being listed] on the declarations page as a 'driver listed' other than Allstate is providing him with coverage as an 'operator' and not an 'owner' since he is not an owner." In his reply brief, Appellant cites to *Eldridge v. Columbia Mutual Insurance Co.*, 270 S.W.3d 423, 427–28 (Mo.App. W.D.2008), in support of this proposition. However, this court's analysis of the significance of being listed as a driver on the declarations page of an automobile liability insurance policy

**4.** Similarly, in *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88 (Mo. banc 2000), our Supreme Court analyzed the requirements of the MVFRL in the context of multiple separate insurance policies, stating:

> There is no language in section 303.190 that would restrict the minimum liability payments to a *single* insurance policy. There are no words anywhere in the statutory scheme of the MVFRL that provide that an insured party is to receive only one statutory limit of $25,000 in compensation *if they are insured under multiple policies.* The plain language of section 303.190.2 indicates that every owner's policy issued in

this state must provide the minimum liability coverage to comply with Missouri law, and this Court's decision in *Halpin* holds all household exclusion clauses invalid up to those minimum limits of coverage.

*Id.* at 91 (emphasis added). Here, the distinction is that there are not multiple insurance policies. Instead, Simpson's Parents insured all three of their vehicles under one insurance policy, not three separate policies. Accordingly, whether the Policy is viewed as an owner's policy or an operator's policy, it is only one insurance policy, subject to one statutorily required minimum liability coverage of $25,000 under the MVFRL.

in *Eldridge* indicates that there are, in fact, other ways to construe Simpson being listed as a driver on the Policy.

In *Eldridge*, we acknowledged that "other jurisdictions have recognized that the designation of 'driver' on the declarations page of an insurance policy is not without effect." *Id.* at 427. But we went on to explain that those other jurisdictions have found that the driver designation "serves as dispositive evidence of permission to use a covered vehicle" or could be used in determining "the amount of the premium due under the policy." *Id.* More importantly, we emphasized that the driver designation does not equate a listed driver to a named insured under the policy. *Id.* We found that such a view was consistent with the general insurance principle that " 'one listed on the policy, but only in the status of a driver of a vehicle, is not a named insured despite the fact that such person's name was physically on the policy.' " *Id.* at 428 (quoting 7A Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* 3d § 110:1 (2005)). This court's opinion in *Eldridge*, therefore, provides no support for Appellant's contention that we must construe Simpson being listed as a driver on the Policy as evidence that Allstate intended to insure him as an operator under the Policy.[5]

In sum, the Court's decision in *Karscig* and the MVFRL place no obligation on Allstate to provide additional liability coverage to Simpson as a non-owner operator under the Policy where all three vehicles owned by Simpson's parents were insured under the Policy and the Policy has already resulted in the payment of the minimum liability coverage required by the MVFRL. Thus, the trial court did not err in granting Allstate's motion for summary judgment. Point denied.

Judgment affirmed.

All concur.

5. We further note that Appellant's assertion that, pursuant to the MVFRL, the Policy must be construed as an operator's policy with respect to Simpson is inconsistent with this court's holding in *Eldridge*. In *Eldridge*, a negligent motorist was listed as a driver on the declarations page of her father's owner's policy, which covered a vehicle not involved in the accident. 270 S.W.3d at 425. When the insurance company refused to provide coverage under the father's owner's policy, the appellant filed suit alleging that the negligent motorist must be considered an insured under her father's owner's policy. *Id.* Ultimately, we determined that the circuit court properly granted summary judgment in the insurance company's favor because the negligent motorist was entitled to insurance coverage under her father's owner's policy only when driving the vehicle covered therein. *Id.* at 428.

Here, Appellant contends that we must construe the Policy as an operator's policy with respect to Simpson. If Appellant's contention was applied to the *Eldridge* case, however, the father's policy would have to be construed as an operator's policy with respect to the negligent motorist because, like Simpson, the negligent motorist was listed as a driver under her father's owner's policy. And if the policy in *Eldridge* constituted an operator's policy with respect to the negligent motorist, then, as explained in *Karscig*, the MVFRL would require the insurance company to provide the minimum liability coverage under the father's owner's policy irrespective of whether the negligent motorist was driving the vehicle covered under her father's policy at the time of the accident because all operator's policies must insure the operator "against liability arising out of [his or] her use of any motor vehicle *not owned by [him or] her."* 303 S.W.3d at 504 (emphasis in original). Appellant's contention, therefore, is inconsistent with this court's holding in Eldridge.